UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARMELO RAYMOND DOBBERPUHL,

    Petitioner,

v.    Case No. 16-CV-1206

SHERIFF DALE J. SCHMIDT,

    Respondent.

## DECISION AND ORDER

Petitioner Carmelo Raymond Dobberpuhl, a Bolivian citizen subject to a final order of removal and currently detained at the Dodge County Detention Center pending actual removal, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges his continued detention beyond six months is contrary to *Zadvydas v. Davis*, 533 U.S. 678 (2001). He seeks a writ ordering his immediate release. For the reasons below, the petition will be denied.

## BACKGROUND

Petitioner was born in Bolivia and later moved to the United States when he was adopted by an American family. (ECF No. 1 at 10.) On June 15, 2010, an immigration judge ordered Petitioner's removal and Petitioner was removed from the United States on August 16, 2010, apparently due to criminal convictions for multiple drug offenses. (*Id.* at 10, 1-1) Petitioner later re-entered the United States illegally. Petitioner's removal order was reinstated on July 15, 2015 and United States Immigration and Customs Enforcement (ICE) took Petitioner into custody in December 2015 . (*Id.*; ECF No. 1-1 at 2.) The order of removal became final on February 5, 2016

when an Asylum Officer found that Petitioner did not establish a reasonable fear of persecution. (ECF No. 1 at 10.) On March 11, 2016 and July 5, 2016, ICE reviewed Petitioner's custodial status and notified Petitioner of its decision to continue detention pending the issuance of a travel document from the Bolivian government. (*Id.*; ECF No. 1-1 at 3–4.) Petitioner filed this habeas petition on September 7, 2016. As of that date Petitioner had been in civil immigration detention for approximately nine months. By now he has been so detained for almost one year and he has been detained for more than nine months since the issuance of the Notice of Intent/Decision to Reinstate Prior Order. Petitioner asserted one claim for relief: his continued detention beyond the six month period articulated in *Zadvydas v. Davis*, 533 U.S. 671 (2001) was unlawful because there is no evidence that his removal was significantly likely to occur in the reasonably foreseeable future.

## LEGAL STANDARD

A federal court may grant habeas relief to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). In determining whether to grant such relief, the court may consider affidavits and documentary evidence such as records from any underlying proceeding. §§ 2246–2247. No evidentiary hearing is required where the petition and response present only issues of law. § 2243.

## ANALYSIS

Detention of aliens who have been ordered removed is governed by 8 U.S.C. § 1231. *See Zadvydas*, 533 U.S. at 683. Section 1231(a) provides for mandatory detention of aliens ordered removed during a 90-day "removal period," that begins when the removal process becomes final. 8 U.S.C. § 1231(a)(1)(A)–(B), (a)(2). Section 1231(a)(6) authorizes detention beyond the removal period, but § 1231(a)(6) is subject to the Supreme Court's decision in *Zadvydas*. *Zadvydas* involved

2

challenges to § 1231(a)(6) by aliens ordered removed but not actually removed given the lack of any country willing to accept them or the lack of an extradition treaty or repatriation agreement with the would-be receiving country. 533 U.S. at 684. For the sake of uniform administration in federal courts, the Court adopted a 6-month period in which post-removal-order detention is presumptively reasonable. *Id.* at 701. "After this 6–month period," the Court concluded, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner argues that ICE twice declined to release him on post-order custody review, that he has cooperated with ICE's attempts to remove him, and that ICE has been unable to obtain travel documents from the Bolivian consulate. However, there has been no showing that Bolivia refuses to accept Petitioner or United States deportees in general. Bolivia previously issued a Travel Document for Petitioner in 2010. (ECF No. 10-1, ¶ 10.) According to the Declaration of Deportation Officer Landmeier, the Enforcement and Removal Office (ERO) has been in repeated contact with the Embassy of Bolivia since December 2015. (*Id.* at ¶¶ 9–10.) As of October 19, 2016, ERO had forwarded a new fingerprint card to the Embassy of Bolivia, expected a conference call to discuss Petitioner's removal, and received no indications of delay from the Embassy. (*Id.* at ¶¶ 11–12.)

I cannot conclude there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future based solely on Petitioner's assertion that he has cooperated with his removal

3

attempts and that the Bolivian consulate has not yet provided travel documents. Unlike the detention in *Zadvydas*, Bolivia has not demonstrated an unwillingness to receive Petitioner and in fact received him in the past. Therefore, Petitioner's continued detention is authorized under § 1231(a)(6) as construed by the Supreme Court in *Zadvydas*.

## CONCLUSION

The petition for a writ of habeas corpus is denied. The Clerk is directed to enter judgment of dismissal of this action forthwith.

**SO ORDERED** this   29th   day of November, 2016.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court